IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE AT MEMPHIS

| | |
|---|---|
| ROBERT L. SHULER and<br>PAULINE SHULER LEWIS,<br>natural children and heirs at law of<br>decedent PAULINE SLOAN SHULER, and<br>THE ESTATE OF PAULINE SHULER,<br><br>Plaintiffs,<br><br>vs.<br><br>FRANK A. McGREW, M.D.,<br>H. EDWARD GARRETT, JR., M.D.,<br>EVA G. PROCTOR, M.D.,<br>JOHN DOE,<br>CARDIOVASCULAR SURGERY<br>CLINIC, PLLC,<br>STERN OWNERSHIP GROUP, LLC,<br>d/b/a The Stern Cardiovascular Center,<br>and BAPTIST MEMORIAL HEALTH<br>CARE CORPORATION, d/b/a<br>Baptist Memorial Hospital-Memphis,<br><br>Defendants. | No. 2:12-CV-2003<br><br>JURY DEMAND |

## COMPLAINT

COMES NOW the Plaintiffs in the above-styled cause, ROBERT L. SHULER, natural child and heir at law of decedent Pauline Sloan Shuler, and THE ESTATE OF PAULINE SHULER, by and through his attorneys, Rachael E. Putnam and Jason D. Nowlin of Putnam Firm, PLC, and files this Complaint for Damages, and in support thereof, would respectfully state unto the Court as follows, to-wit:

### I. PARTIES

1. Plaintiff Robert Shuler is a natural child and heir at law of the late Pauline Sloan Shuler. Robert Shuler is a resident of Mississippi.

1

2. Defendant Frank A. McGrew, M.D. ("Dr. McGrew"), is a medical doctor who, upon information and belief, is a citizen and resident of Memphis, Shelby County, Tennessee and an owner, partner, shareholder, agent, or employee of Defendant Stern Ownership Group, LLC, d/b/a The Stern Cardiovascular Center.

3. Defendant H. Edward Garrett, Jr., M.D. ("Dr. Garrett"), is a medical doctor who, upon information and belief, is a citizen and resident of Memphis, Shelby County, Tennessee and an owner, partner, shareholder, agent, or employee of Defendant Cardiovascular Surgery Clinic, PLLC.

4. Defendant Eva G. Proctor, M.D. ("Dr. Proctor"), is a medical doctor who, upon information and belief, is a citizen and resident of Memphis, Shelby County, Tennessee and an owner, partner, shareholder, agent, or employee of Defendant Cardiovascular Surgery Clinic, PLLC.

5. Defendant John Doe as used herein is meant to refer to one or more doctors, medical personnel, or medical entities whose identities are currently unknown but who were involved in the tortious acts complained of herein.

6. Defendant Cardiovascular Surgery Clinic, PLLC ("CVS Clinic"), is a Tennessee limited liability company with its principal place of business at 6029 Walnut Grove Road, Suite 401, Memphis Tennessee 38120, and may be served through its registered agent for service of process, Dr. Garrett, at its principal office. Dr. Garrett and Dr. Proctor are, upon information and belief, owners, partners, shareholders, agents, or employees of Defendant CVS Clinic.

7. Defendant Stern Ownership Group, LLC, d/b/a The Stern Cardiovascular Center ("Stern"), is a Tennessee limited liability company with its principal place of business at 8060 Wolf River Boulevard, Germantown, Tennessee 38138, and may be served through its registered

agent for service of process, Richard R. Spore, III, at 100 Peabody Place, Suite 900, Memphis, Tennessee 38103. Dr. McGrew is, upon information and belief, an owner, partner, shareholder, agent, or employee of Defendant Stern.

8. Defendant Baptist Memorial Health Care Corporation, d/b/a Baptist Memorial Hospital-Memphis ("Baptist"), is a Tennessee corporation with its principal place of business at 350 North Humphreys Boulevard, Memphis, Tennessee 38120, and may be served through its registered agent for service of process, Gregory M. Duckett, at its principal office.

## II. JURISDICTION AND VENUE

9. All of the Defendants in this cause are legal residents of and domiciled in the State of Tennessee. All Defendants are also found within and transacting business within the geographic area of this Court. There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. The Court has personal jurisdiction over the parties and subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

11. The injury and damages caused by the wrongful conduct complained of herein occurred and the causes of action herein arose within the geographic area of this Court.

## III. FACTS

12. Pauline Sloan Shuler ("Ms. Shuler" and/or "the deceased"), was a citizen and resident of Mississippi until her death on June 23, 2011, which occurred in the Intensive Care Unit of Baptist Memorial Hospital-Memphis, located at 6019 Walnut Grove Road, Memphis, TN 38120 and owned and operated by Defendant Baptist.

13. Dr. McGrew has been Ms. Shuler's treating cardiologist for a number of years. Dr. McGrew has had actual knowledge that Ms. Shuler is allergic to the blood thinner Heparin

since at least late August 2006, at which time her allergy to the drug was confirmed by a physician at the West Clinic, who evaluated Ms. Shuler upon request and referral of Dr. McGrew.

14. Ms. Shuler wore a medicine alert bracelet warning of her allergy to Heparin at all times after receiving the allergy diagnosis. The fact that Ms. Shuler could not and would not take Heparin due to her reaction to it was discussed many times during doctor visits, inpatient and outpatient hospital stays, and on the telephone with medical personnel after she received the diagnosis.

15. Ms. Shuler's Heparin allergy has been charted on her records at Baptist Memorial Hospital-Memphis since at least June 18, 2007.

16. On January 3, 2011, Ms. Shuler was admitted to Baptist Memorial Hospital-Memphis for a heart catherization procedure. Ms. Shuler's Heparin allergy is noted and referenced numerous times in her admission records for this hospitalization, as well as in many prior admission records of Baptist Memorial Hospital-Memphis.

17. Despite actual notice of Ms. Shuler's Heparin allergy, Defendants, their employees, agents, or assigns attempted to administer Heparin or a Heparin derivative to Ms. Shuler on numerous occasions between January 3, 2011 and January 7, 2011. On more than one occasion, Ms. Shuler questioned the medical personnel about what they were planning to administer to her only to discover that they were attempting to give her Heparin or a derivative thereof. Upon receiving this information, Ms. Shuler strongly objected to being given Heparin or a derivative each time, reminding the medical personnel that she was allergic to those medications.

18. Upon information and belief after a review of Ms. Shuler's medical records, Defendants, their employees, agents, or assigns did, in fact, purposefully and willfully administer Heparin or a derivative thereof to Ms. Shuler on one or more occasions during this time period in direct contradiction to her specific directive not to give her Heparin or any derivative thereof.

19. Upon information and belief, Defendants, their employees, agents, or assigns administered Heparin or a derivative thereof to Ms. Shuler on one or more occasions during subsequent admissions to Baptist Memorial Hospital-Memphis leading up to her death, including at least one occasion in very close proximity to her death in the Intensive Care Unit on June 23, 2011.

20. Upon information and belief, the actions of Defendants, their employees, agents, or assigns in administering Heparin or a derivative thereof to Ms. Shuler on one or more occasions during admissions to Baptist Memorial Hospital-Memphis between January 3, 2011 and June 23, 2011 was the proximate cause or a contributing proximate cause of the death of Pauline Shuler on June 23, 2011.

21. On the date of her death, June 23, 2011, Ms. Shuler was, upon information and belief, left unattended by Defendants for approximately forty-three minutes immediately preceding her death in the Intensive Care Unit at Baptist Memorial Hospital-Memphis.

## IV. LIABILITY

22. Defendants committed medical battery upon Pauline Shuler by administering a medication to her to which she was known to be allergic and to which she had specifically voiced her objection repeatedly, even successfully preventing Defendants from administering it to her on some occasions.

23. Defendant Stern is vicariously liable for the acts and omissions of its employees and agents, including Defendant Frank A. McGrew, M.D.

24. Defendant Cardiovascular Surgery Clinic, PLLC, is vicariously liable for the acts and omissions of its employees and agents, including Defendants H. Edward Garrett, Jr., M.D., and Eva G. Proctor, M.D.

25. Defendants failure to observe and to leave Ms. Shuler unattended for approximately forty-three minutes immediately preceding her death in the Intensive Care Unit at Baptist Memorial Hospital-Memphis constitutes negligence per se, or at the very least, gross negligence and/or wanton disregard for the safety and well being of a person entrusted to their care.

26. Defendants' aforementioned acts and omissions were the direct and proximate cause or a contributing proximate cause of the injuries to Ms. Shuler, including but not limited to being the proximate cause of or a contributing proximate cause of her death. As a result of these acts and omissions, Ms. Shuler experienced pain, suffering, and impairment of her right to enjoy life prior to her death. Ms. Shuler also incurred substantial medical expenses due to the acts and omissions of Defendants.

27. The children of Pauline Sloan Shuler, namely Plaintiffs Robert Shuler and Pauline Shuler Lewis, are the next of kin of the deceased and the proper legal beneficiaries under the Tennessee wrongful death statute, and as such, are entitled to receive damages from Defendants for Ms. Shuler's pain and suffering, loss of enjoyment of life, medical expenses, funeral expenses, the pecuniary value of the life of Pauline Sloan Shuler, and all other damages allowed under Tennessee law.

28. The children of Pauline Sloan Shuler also seek damages for the loss of love, society, affection, companionship, and guidance of their mother, Pauline Sloan Shuler.

29. Plaintiff incorporates Paragraphs 1 through 21 herein by reference as though fully set forth verbatim. Punitive damages should be assessed against the Defendants in an amount to be fixed by the jury. Defendants knew or should have known that in light of the surrounding circumstances, their conduct could and would naturally and most likely result in serious injuries of the death of Pauline Sloan Shuler. Nonetheless, Defendants ignored said risks in reckless and malicious disregard of these foreseeable consequences.

30. Punitive damages should be assessed based on the actions of Defendants CVS Clinic, Stern, and Baptist under the doctrines of master/servant, respondeat superior, and/or the law of agency, as well as for negligently hiring and retaining medical professionals and staff despite notice of their lack of qualifications and employment history.

WHEREFORE, Plaintiffs pray for the following relief:

(a) An award of compensatory damages for Ms. Shuler's injuries and damages in a fair and reasonable amount to be determined by the jury, and in an amount in excess of Five Hundred Thousand Dollars ($500,000.00) Dollars, exclusive of interest and costs, for which each Defendant is held jointly and severally liable;

(b) An award of punitive damages in the amount that truth dictates and justice demands, but in a sufficient amount to deter Defendants from engaging in such future conduct, for which each Defendant is held jointly and severally liable;

(c) An award of damages to Ms. Shuler's children for loss of her consortium in the amount that truth dictates and justice demands, for which each Defendant is held jointly and severally liable;

(d)     An award of all discretionary costs, court costs, and to the extent allowable under applicable law, attorney's fees; and

(e)     Such other and further relief, both general and specific, as shall be deemed reasonable and necessary.

Respectfully submitted:

/s Jason D. Nowlin
Rachael E. Putnam, TN BPR No. 21654
Jason D. Nowlin, TN BPR No. 22965
PUTNAM FIRM, PLC
Attorneys for Plaintiffs
2148 Monroe Avenue
Memphis, Tennessee 38104
(901) 302-9120
email: Jason@putnamfirm.com
email: Rachael@putnamfirm.com