# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: February 14, 2014

Ms. Clarissa McClain Cissell
Mr. William H. Haltom Jr.
Thomason, Hendrix, Harvey, Johnson & Mitchell
40 S. Main Street, Suite 2900
Memphis, TN 38103

Mr. William Wallace Dunlap Jr.
Ms. Laura Stephens Martin
Ms. Tabitha Francisco McNabb
Harris, Shelton, Hanover & Walsh
40 S. Main Street, Suite 2700
Memphis, TN 38103-2555

Ms. Rachael Emily Putnam
Mr. Austin Taylor Rainey
Putnam Firm, 2148 Monroe Avenue
Memphis, TN 38104

Mr. Buckner Potts Wellford
Ms. Shannon Wiley
Baker Donelson
165 Madison Avenue
Suite 2000
Memphis, TN 38103

   Re:  Case No. 12-6270, *Robert Shuler, et al v. H. Edward Garrett, Jr., et al*
      Originating Case No. : 2:12-cv-02003

Dear Counsel,

 The court today announced its decision in the above-styled case.

Enclosed is a copy of the court's opinion together with the judgment which has been entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

Yours very truly,

Deborah S. Hunt, Clerk

Cathryn Lovely
Deputy Clerk

cc: Mr. Thomas M. Gould

Enclosures

Mandate to issue.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 14a0033p.06

# UNITED STATES COURT OF APPEALS

### FOR THE SIXTH CIRCUIT

---

ROBERT L. SHULER, and PAULINE SHULER LEWIS, natural children and heirs at law of decedent Pauline Sloan Shuler; THE ESTATE OF PAULINE SLOAN SHULER,
         *Plaintiffs-Appellants,*

v.

H. EDWARD GARRETT, JR., M.D.; EVA G. PROCTOR, M.D.; CARDIOVASCULAR SURGERY CLINIC, PLLC; STERN OWNERSHIP GROUP LLC, dba The Stern Cardiovascular Center; BAPTIST MEMORIAL HEALTH CARE CORPORATION, dba Baptist Memorial Hospital-Memphis; FRANK A. MCGREW, M.D.,
         *Defendants-Appellees.*

No. 12-6270

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 2:12-cv-02003—S. Thomas Anderson, District Judge.

Argued: December 4, 2013

Decided and Filed: February 14, 2014

Before: COOK and STRANCH, Circuit Judges; CARR, District Judge.[*]

---

### COUNSEL

**ARGUED:** Rachael E. Putnam, PUTNAM FIRM PLC, Memphis, Tennessee, for Appellants. Buckner Wellford, Memphis, Tennessee, for Appellees. **ON BRIEF:** Rachael E. Putnam, Austin T. Rainey, PUTNAM FIRM PLC, Memphis, Tennessee, for Appellants. Buckner Wellford, Shannon Wiley, Memphis, Tennessee, William H. Haltom, Jr., Claire M. Cissell, Memphis, Tennessee, William W. Dunlap, Jr., Tabitha F. McNabb, Laura S. Martin, Memphis, Tennessee, for Appellees.

---

[*]The Honorable James G. Carr, Senior United States District Judge for the Northern District of Ohio, sitting by designation.

1

Case 2:12-cv-02003-STA-dkv   Document 67   Filed 02/14/14   Page 4 of 12   PageID 449
Case: 12-6270   Document: 006111964999   Filed: 02/14/2014   Page: 2   (4 of 12)

No. 12-6270          *Shuler, et al.v. Garrett, et al.*                                Page 2

## OPINION

STRANCH, Circuit Judge. Pauline Sloan Shuler died in the Intensive Care Unit of Baptist Memorial Hospital-Memphis on June 23, 2011. Her heirs sued her doctors, the hospital, and the clinic where she had been receiving treatment, alleging Shuler had died from an allergic reaction to heparin (an anticoagulant) injections that had been administered despite her objections. The Shulers claimed negligence and medical battery. The district court, construing their complaint to sound only in medical malpractice, dismissed the case for failure to comply with the notice and heightened pleading requirements of the Tennessee Medical Malpractice Act (TMMA). But the plaintiffs plausibly alleged medical battery, which is not subject to the TMMA, and we therefore **REVERSE** the district court's dismissal of that portion of the complaint.

## I. FACTUAL AND LEGAL BACKGROUND

The amended complaint[1] filed by the Shulers on January 3, 2012 and titled simply "Complaint," alleged the following facts relevant to this appeal: Pauline and her doctors were aware of Pauline's heparin allergy; Pauline wore a medical bracelet listing her heparin allergy and her medical records also noted the allergy; on a number of occasions, medical staff injected Pauline with heparin "in direct contradiction to her specific directive not to give her heparin of any kind"; medical staff injected her with heparin shortly before her death; and the heparin injections proximately caused her death.

In its order granting the defendants' motion to dismiss, the district court concluded that the facts alleged did not present a claim for medical battery under Tennessee law. It held that the heparin injections were not "procedures" or "treatments" for the purposes of medical battery; rather, the injections were "therapeutic drug

---

[1] The Shulers' appellate brief cited to a different "amended complaint" that they attached to their motion to alter or amend the judgment. As the defendants argue, this document may not be considered because it was not properly filed. It is therefore not before this court.

Case 2:12-cv-02003-STA-dkv   Document 67   Filed 02/14/14   Page 5 of 12   PageID 450
Case: 12-6270   Document: 006111964999   Filed: 02/14/2014   Page: 3   (5 of 12)

No. 12-6270         *Shuler, et al.v. Garrett, et al.*                    Page 3

treatment[s]" which, citing *Cary v. Arrowsmith*, 777 S.W.2d 8 (Tenn. Ct. App. 1989), could form the basis for medical malpractice but not medical battery. Again citing *Cary*, the court found that the injections were only "component part[s] of [Pauline's] treatment process" that the defendants did not need her specific consent to administer, thus also vitiating the medical battery claim.

The Shulers moved to alter or amend the judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure. Their motion was denied. The Shulers then timely appealed both the dismissal and the denial of their motion to alter or amend the judgment.

We review de novo a district court's grant of a rule 12(b)(6) motion. *Seaton v. TripAdvisor LLC*, 728 F.3d 592, 596 (6th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A denial of a motion to alter or amend judgment is reviewed for abuse of discretion. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 832 (6th Cir. 1999).

## II. ANALYSIS

### A. Medical Battery

"Performance of an unauthorized procedure constitutes a medical battery." *Blanchard v. Kellum*, 975 S.W.2d 522, 524 (Tenn. 1998). As the name suggests, medical battery is an intentional tort—medical malpractice, in contrast, sounds in negligence—and is a species of battery, "an unpermitted touching of the plaintiff by the defendant or by some object set in motion by the defendant." *Cary*, 777 S.W.2d at 21. Medical battery is also distinct from, although closely related to, a tort arising from a doctor's failure to obtain informed consent. *Blanchard*, 975 S.W.2d at 524.; *see also Church v. Perales*, 39 S.W.3d 149, 159 (Tenn. Ct. App. 2000) ("While these causes of action share a common ancestry, the differences between them are more than academic."). Whereas the threshold question in an informed consent case is whether the

Case 2:12-cv-02003-STA-dkv Document 67 Filed 02/14/14 Page 6 of 12 PageID 451
Case: 12-6270 Document: 006111964999 Filed: 02/14/2014 Page: 4 (6 of 12)

No. 12-6270    *Shuler, et al.v. Garrett, et al.*    Page 4

patient's lack of information negated her consent, the question in a medical battery case is much simpler: Did the patient consent at all? *Blanchard*, 975 S.W.2d at 524.

As this case proceeds in federal court under diversity jurisdiction, we look to Tennessee law to determine whether the case presents an issue of "informed consent," "medical battery," or "medical malpractice." *See Allstate Ins. Co. v. Thrifty Rent-A-Car Sys., Inc.*, 249 F.3d 450, 454 (6th Cir. 2001). We cannot import another state's distinctly different concept of one of these issues when applying Tennessee law. It does not matter that in many states the tort of informed consent sounds in negligence, *see, e.g., Franklin v. United States*, 992 F.2d 1492 (10th Cir. 1993), or that some states do not distinguish between "informed consent" and "non-consent" (i.e., medical battery), *see, e.g., Montgomery v. Bazaz-Sehgal*, 798 A.2d 742, 744 (Pa. 2002). In Tennessee, informed consent sounds in battery, *Blanchard*, 975 S.W.2d at 524; *Cardwell v. Bechtel*, 724 S.W.2d 739, 750 (Tenn. 1987), even though it is sometimes referred to as a type of malpractice, *Miller ex rel. Miller v. Dacus*, 231 S.W.3d 903, 907 (Tenn. 2007). We therefore focus on Tennessee caselaw regarding medical battery and informed consent, though we may look to other jurisdictions if they employ similar distinctions. *See Combs v. Int'l Ins. Co.*, 354 F.3d 568, 577 (6th Cir. 2004).

In *Blanchard v. Kellum*, the Tennessee Supreme Court announced a "simple inquiry . . . to determine whether a case constitutes a medical battery." 975 S.W.2d at 524. A court need only ask two questions:

> (1) was the patient aware that the doctor was going to perform the procedure (i.e., did the patient know that the dentist was going to perform a root canal on a specified tooth or that the doctor was going to perform surgery on the specified knee?); and, if so (2) did the patient authorize performance of the procedure? A plaintiff's cause of action may be classified as a medical battery only when answers to either of the above questions are in the negative.

*Id.*; *see also Ashe v. Radiation Oncology Assocs.*, 9 S.W.3d 119, 121 (Tenn. 1999) (citing *Blanchard*, 975 S.W.2d at 524). The focus in this case is solely on the second

Case 2:12-cv-02003-STA-dkv Document 67 Filed 02/14/14 Page 7 of 12 PageID 452
Case: 12-6270 Document: 006111964999 Filed: 02/14/2014 Page: 5 (7 of 12)

No. 12-6270        *Shuler, et al.v. Garrett, et al.*                                   Page 5

question and its component parts: what qualifies as a "procedure" and what constitutes "authorization."

### 1. "Procedure"

Although the Tennessee Supreme Court has not specifically defined "procedure," the term is not especially mysterious. The Oxford English Dictionary offers the relevant definition: "A surgical or (later) other therapeutic or diagnostic operation or technique." Oxford English Dictionary (3d ed. 2007), http://www.oed.com/view/Entry/151775?redirectedFrom=procedure. Tennessee caselaw supports using this commonsense definition—its courts have found that a wide range of medical procedures support a medical battery claim. *See, e.g., Henry v. Scokin*, 148 S.W.3d 352, 356–57 (Tenn. Ct. App. 2003) (use of a particular form of intubation that the plaintiff specifically refused); *Hinkle v. Kindred Hosp.*, No. M2010-02499-COA-R3-CV, 2012 WL 3799215, at *1, 17 (Tenn. Ct. App. Aug. 31, 2012) (post-operative insertion of a rectal tube despite plaintiff's refusal); *Tatman v. Fort Sanders Reg'l Med. Ctr.*, No. E2000-02163-COA-R3-CV, 2001 WL 378688, at *1 (Tenn. Ct. App. Apr. 16, 2001) (unauthorized blood transfusion conducted after authorized surgery). Indeed, one case is directly on point: in *Abeyta v. HCA Health Services of TN, Inc.*, the Tennessee Court of Appeals recently held that a plaintiff could proceed on a medical battery theory premised on the injection of medication that she had specifically refused to take. No. M2011-02254-COA-R3-CV, 2012 WL 5266321, at *8–9 (Tenn. Ct. App. Oct. 24, 2012).

Tennessee courts are not alone in recognizing the viability of such a cause of action. Other state courts and federal courts sitting in diversity have also held that the administration of drugs over the patient's objections or despite the patient's contrary instruction is a medical battery. *See, e.g., Duncan v. Scottsdale Med. Imaging, Ltd.*, 70 P.3d 435, 441 (Ariz. 2003) ("Duncan's evidence supports the claim for battery because she alleges SMI and/or its agents administered fentanyl without consent."); *Hester v. Brown*, 512 F. Supp.2d 1228, 1233 (M.D. Ala. 2007) (IV treatment); *Mink v. Univ. of Chicago*, 460 F. Supp. 713, 718 (N.D. Ill. 1978) ("We find the administration

No. 12-6270         *Shuler, et al. v. Garrett, et al.*                         Page 6

of a drug without the patient's knowledge comports with the meaning of offensive contact."); *Applegate v. Saint Francis Hosp., Inc.*, 112 P.3d 316, 319 (Okla. Civ. App. 2005) (stating that *Duncan*, 70 P.3d 435, and *Mink*, 460 F. Supp. 713, are "generally consistent with Oklahoma precedent").

The defendants argue that Tennessee courts have narrowed the concept of medical battery "to specific 'procedures' or stand-alone treatments which call for an informed consent discussion." This proposition is out of step with the caselaw. So too is the district court's conclusion that "therapeutic drug treatment" categorically cannot give rise to a medical battery claim. These arguments rely on *Cary v. Arrowsmith*, a 1989 informed consent case, where the Tennessee Court of Appeals held that "a treating physician must obtain the patient's informed consent for the medical treatment of the patient and not for each component part of the treatment process. The patient has an adequate remedy, *i.e.*, a malpractice action sounding in negligence, for the injurious consequences of therapeutic drug treatment." 777 S.W.2d at 20.

*Cary*'s 1989 holding lacks both force and applicability to this case. *In Mitchell v. Ensor*, the Tennessee Court of Appeals noted that "several cases in Tennessee succeeding *Cary* have incorporated language suggesting that informed consent applies to both operative procedures and the administration of medication." No. W2001-01683-COA-R3-CV, 2002 WL 31730908, at *9 (Tenn. Ct. App. Nov. 18, 2002) (collecting cases). Further, The Fifth Circuit, sitting in diversity and applying Tennessee law, rejected *Cary* on the ground that the Tennessee Supreme Court "did not limit its holding [in *Ashe*] to cases involving surgical procedures, as opposed to therapeutic drug treatments, nor do we see reason to read a limitation into the Court's holding that is simply not there." *Huss v. Gayden*, 571 F.3d 442, 461 (5th Cir. 2009) (citing *Ashe*, 9 S.W.3d at 121). But the more important distinction is that *Cary* simply does not apply here. The Shulers allege that the heparin injections were administered despite Pauline's explicit refusal. *Cary* is thus inapplicable because it is an informed consent case; this is a medical battery case (a *consent* case rather than an *informed*

Case 2:12-cv-02003-STA-dkv Document 67 Filed 02/14/14 Page 9 of 12 PageID 454
Case: 12-6270 Document: 006111964999 Filed: 02/14/2014 Page: 7 (9 of 12)

No. 12-6270      *Shuler, et al. v. Garrett, et al.*      Page 7

consent case). *See id.* (noting that *Cary* predated the Tennessee Supreme Court's "clarifi[cation] that informed consent cases and medical battery cases are not the same").

A few states have explicitly limited medical battery to a narrow subset of medical procedures, *see, e.g. Trogun v. Furchtman*, 207 N.W.2d 297, 312–13 (Wis. 1973), but Tennessee, like most states, has not. Given this silence, and given the Tennessee Supreme Court's instruction that a "simple inquiry" should suffice to determine whether an action for medical battery will lie, we will not "read a limitation into [Tennessee's medical battery law] that is simply not there." *Huss*, 571 F.3d at 461. Nor need we scry the caselaw for a surgically precise definition of "procedure" that is simply not there. Use of the commonplace definition is appropriate, in conjunction with the types of contact that would support an ordinary battery claim under Tennessee law. Other courts that classify medical battery as an intentional tort are in accord. *See Hoofnel v. Segal*, 199 S.W.3d 147, 150 (Ky. 2006) ("[M]edical battery is an intentional tort, and as such, it contains all the essential elements of a common law claim of battery."); *King v. Dodge Cnty. Hosp. Auth.*, 616 S.E.2d 835, 837 (Ga. Ct. App. 2005) ("A medical 'touching' without consent is like any other 'touching' without consent: it constitutes the intentional tort of battery for which an action will lie." (internal quotation marks and citation omitted)). An injection, therefore, fits within the definition of a "procedure" and is a species of "touching" or physical contact—a battery—and so provides sufficient factual basis for that element of a medical battery claim.

### 2. "Authorization"

The defendants argue that a patient's general authorization of an operation or course of treatment translates into authorization for the component parts of that procedure. But this general proposition, whether true or not, does not speak to the question at issue: Whether a patient can somehow be considered to have authorized a procedure that she specifically and explicitly refused. It is blackletter law that "a plaintiff who gives consent may terminate or revoke it at any time by communicating the revocation to those who may act upon the consent." Dobbs' Law of Torts § 108 (2d ed. 2011); *see also* Restatement (Second) of Torts § 892A(5). We cannot find, and the

No. 12-6270          *Shuler, et al. v. Garrett, et al.*                    Page 8

defendants do not offer, any Tennessee caselaw that supports the proposition that, absent exigency or incapacity, a prior general grant of consent could trump a subsequent, explicit refusal to submit to the procedure at issue. Nor does the caselaw support the proposition that a doctor can conduct a procedure on a patient who previously refused it and has not subsequently consented. Such propositions conflict with "the right of competent adult patients to accept or reject medical treatment." *Church*, 39 S.W.3d at 158.

### B. Application of Tennessee Law to the Shulers' Complaint

In the light of the foregoing legal principles, we conclude that the Shulers adequately pled their medical battery claim. The heparin injections that allegedly killed Pauline qualify as "procedures," *see, e.g., Abeyta*, 2012 WL 5266321, at *8–9; to conclude otherwise would require conjuring out of the medical battery caselaw a limiting principle "that simply is not there." *Huss*, 571 F.3d at 461. The complaint clearly alleges that Pauline did not authorize the injections—indeed, it goes further, alleging that Pauline actually refused the injections. The complaint, however, does not allege that Pauline specifically refused the injections she received closer to her death, but her prior refusals—and her known allergy to heparin—support a plausible inference that she did not consent to (and indeed may have continued to refuse) the later injections. In sum, the complaint makes out a case for nonconsensual contact (an injection) that violated Pauline's right to bodily integrity and that proximately caused her death—in short, a battery.

The defendants argue that because the "gravamen" of the complaint is "not completely clear" the court should characterize the Shulers' claim as malpractice rather than medical battery. For support, they offer *Estate of French v. Stratford House*, where the Tennessee Supreme Court noted that, in cases alleging ordinary negligence in a medical context, the state court of appeals "appears to have increasingly applied the TMMA to borderline claims by concluding that the gravamen of the complaint is medical malpractice." 333 S.W.3d 546, 557 (Tenn. 2011). The defendants invite us to

Case 2:12-cv-02003-STA-dkv   Document 67   Filed 02/14/14   Page 11 of 12   PageID 456
Case: 12-6270   Document: 006111964999   Filed: 02/14/2014   Page: 9   (11 of 12)

No. 12-6270          *Shuler, et al. v. Garrett, et al.*                              Page 9

"extend this rationale" to "borderline" cases that could be considered either medical battery or medical malpractice. We decline this invitation.

First, this is not a "borderline" case; the Shulers' complaint clearly states a claim for medical battery. Second, the defendants have misread *Estate of French*. After noting the recent trend of the court of appeals, the Tennessee Supreme Court stated that "[n]evertheless, a single complaint may be founded upon both ordinary negligence principles and the medical malpractice statute," and held that the TMMA applies only to medical malpractice claims. *Id.* at 557. The court then determined that negligence claims bearing "a substantial relationship to the rendition of medical treatment by a medical professional" fall under the TMMA. *Id. Estate of French*, then, comports with the Tennessee Supreme Court's longstanding conclusion that a plaintiff may claim both medical battery and medical malpractice. *See Cardwell*, 724 S.W.2d at 751 ("[B]attery and malpractice . . . are not ordinarily inconsistent, and no election of remedies is generally required.").

The Tennessee Supreme Court, moreover, has never held that the heightened pleading requirements of the TMMA apply to medical battery. Were we to adopt the defendants' logic, <u>every</u> medical battery claim would be subject to the TMMA because the tort categorically—indeed, definitionally—"bear[s] a substantial relationship to the rendition of medical treatment by a medical professional." We can find no indication that the Tennessee Supreme Court would take this drastic step and thus cannot perform such alchemy ourselves. "Federal courts hearing diversity matters should be extremely cautious about adopting substantive innovation in state law." *Combs*, 354 F.3d at 578 (quoting *Rhynes v. Branick Mfg. Corp.*, 629 F.2d 409, 410 (5th Cir. 1980)). We adhere to existing Tennessee law and treat the medical battery claim pled by the Shulers as just that—a medical battery claim—rather than transmuting it into a medical malpractice claim.

The portion of the district court's order dismissing the Shulers' medical battery claim is **REVERSED**.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 12-6270

ROBERT L. SHULER and PAULINE SHULER LEWIS, natural children and heirs at law of decedent Pauline Sloan Shuler; THE ESTATE OF PAULINE SLOAN SHULER,

    Plaintiffs - Appellants,

v.

H. EDWARD GARRETT, JR., M.D.; EVA G. PROCTOR, M.D.; CARDIOVASCULAR SURGERY CLINIC, PLLC; STERN OWNERSHIP GROUP LLC, dba The Stern Cardiovascular Center; BAPTIST MEMORIAL HEALTH CARE CORPORATION, dba Baptist Memorial Hospital-Memphis; FRANK A. MCGREW, M.D.,

    Defendants - Appellees.

**FILED**
**Feb 14, 2014**
DEBORAH S. HUNT, Clerk

Before: COOK and STRANCH, Circuit Judges; CARR, District Judge.

### JUDGMENT

On Appeal from the United States District Court
for the Western District of Tennessee at Memphis.

THIS CAUSE was heard on the record from the district court and was argued by counsel.

IN CONSIDERATION WHEREOF, it is ORDERED that the portion of the district court order dismissing the plaintiffs' medical battery claim is REVERSED.

**ENTERED BY ORDER OF THE COURT**

Deborah S. Hunt, Clerk